**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

<table>
<tr><td>

STATE OF NEW JERSEY and TOWNSHIP OF ROXBURY,

        Plaintiffs,

    v.

UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, *et al.*,

        Defendants.

</td><td>

Hon. Jamel K. Semper, U.S.D.J.
Hon. James B. Clark, U.S.M.J.

Civil Action No.: 26-02884

</td></tr>
</table>

## DECLARATION OF JASON BRANDON KANE

I, Jason Brandon Kane, declare under the penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1. I am over 18 years of age, of sound mind, and otherwise competent to make this Declaration. I have personal knowledge of the facts stated herein, including knowledge based on my experience and information provided to me. If called as a witness, I could and would testify competently to what is set forth below.

2. I am the Assistant Director of the Watershed and Land Management (WLM) Office of Policy and Technical Development ("WLM Office") of the New Jersey Department of Environmental Protection (NJDEP). I have personal knowledge of the facts stated herein based upon my review of information and documents in NJDEP's possession that are available to me.

3. I have served as the Assistant Director of the WLM Office since November 2024. Prior to serving in this role, I was employed as a Deputy Attorney General with the New Jersey Department of Law and Public Safety, Division of Law, where I provided legal counsel and

representation to NJDEP, including the WLM program, between March of 2017 and October of 2024.

4. WLM is a steward of New Jersey land-based resources that have a critical nexus to water quality. Through a holistic approach to planning, permitting, mitigation, and restoration of impacts to New Jersey's watersheds, WLM works to preserve, protect, and improve the integrity of New Jersey's water and natural resources, while protecting life and property from environmental threats. The WLM Office supports all of WLM through its Water Quality Management Planning (WQMP) Unit and the Bureau of Program Development. The WQMP Unit delineates sewer service areas and evaluates project consistency with water quality management plans (explained below). The Bureau of Program Development through its three units focuses on IT, Geographic Information Systems (GIS) mapping, and Policy. Policy functions include drafting rules, responding to public comments on rule proposals, providing recommendations on proposed legislation, and implementing policy.

5. As Assistant Director, I oversee and supervise the WQMP Unit and the Bureau of Program Development. For the WQMP Unit, I guide implementation of the WQMP program, review documents that notice and adopt WQMP wastewater management plans, revisions, and site-specific amendments prepared by staff, and execute such documents where applicable.

6. This position requires me to be informed of and participate in major WLM policy issues and active litigation involving WLM. As such, I have familiarity with the regulatory programs within WLM, including those involving land resource protection programs in the Highlands region, water quality management plans, threatened and endangered species, and freshwater wetlands.

7.      I submit this declaration in support of Plaintiffs' Motion for a Preliminary Injunction in the above-captioned action.

8.      I have personal knowledge of the facts stated herein, including knowledge based on my experience and information within the possession of NJDEP that has been made available to me.

**The Highlands Region**

9.      The warehouse which has been slated by Department of Homeland Security (DHS) for conversion to a detention facility is located at Block 9501, Lot 1, in Roxbury Township, Morris County ("Roxbury Warehouse").

10.      This location is within the New Jersey Highlands Region, an area that New Jersey's Legislature has found is "a landscape of special significance" and an essential drinking water source that provides drinking water for much of the State's population. N.J. Stat. Ann. § 13:20-2. The New Jersey Highlands Region is the area designated pursuant to the Highlands Water Protection and Planning Act ("Highlands Act"), at N.J. Stat. Ann. § 13:20-7, and is an over 800,000-acre region covering over 1,250 square miles and 88 municipalities in seven counties.

11.      The region is also federally recognized "as high priority conservation land" pursuant to the Highlands Conservation Act, Pub. L. No. 108-421, as amended through Pub. L. No. 117-328 (Dec. 29, 2022).

12.      The Highlands Act established the Highlands Water Protection and Planning Council ("Highlands Council") and charged it with adopting a Regional Master Plan for the Highlands Region. *See* N.J. Stat. Ann. § 13:20-4; N.J. Stat. Ann. § 13:20-6. The goal of the Regional Master Plan is to protect and enhance the resources of the Highlands Region and encourage appropriate patterns of compatible residential, commercial, and industrial development,

redevelopment, and economic growth in appropriately-designated areas. N.J. Stat. Ann. § 13:20-10.The Highlands Region is divided into the Preservation Area and the Planning Area. N.J. Stat. Ann. § 13:20-7. The Preservation Area is subject to more stringent environmental constraints to protect sensitive natural resources and drinking water sources. The Planning Area allows for more development than the Preservation Area, but its development is also limited by important environmental considerations, particularly concerning the protection, restoration, and enhancement of surface and groundwaters. N.J. Stat. Ann. § 13:20-10.

13.     The Roxbury Warehouse is located in the Highlands Planning Area, *see id.* § 13:20-7. It is also mapped as being in the Protection Zone under the Highlands Land Use Capability Zone Map. The Land Use Capability Zone Map was developed by the Highlands Council consistent with N.J. Admin. Code § 7:38-1.1(a) as part of the Highlands Regional Master Plan. According to the Regional Master Plan, the Highlands Protection Zone consists "primarily of high resource value lands" in terms of forest resources, critical habitat, water quality and quantity, and ecological function, and having "limited or no capacity to support human development without adversely affecting overall ecological function of the Highlands Region."

14.     Nearly all of the Highlands region population relies on groundwater as its primary drinking water supply. In 2008, it was estimated that every day, over 170 million gallons of water are withdrawn from Highlands aquifers.

15.     Groundwater is recharged when precipitation or other surface water infiltrates down through the soil to the aquifer below ground. However, as the Regional Master Plan recognizes, groundwater recharge is not uniform throughout the Highlands and varies due to soil, precipitation, land cover, and other factors. Since some land areas recharge better than others, the Highlands Council mapped the best recharge areas as Prime Ground Water Recharge Areas, which

are areas that have the highest recharge rates and, combined, provide 40% or more of the ground water recharge supply for the relevant watershed. Relevant here, over 75% of the warehouse property has been mapped as being a Prime Ground Water Recharge Area.

### Water Quality Management Planning

16. Water Quality Management (WQM) Plans, also known as Areawide Plans, are governed by the New Jersey Water Quality Planning Act (N.J. Stat. Ann. § 58:11A-1 to -16) and its implementing regulations in the WQMP Rules (N.J. Admin. Code § 7:15-1.1 to -6.8). WQM Plans implement the federal Clean Water Act by identifying water treatment works necessary to meet the anticipated municipal and industrial wastewater treatment needs of the corresponding area, in consultation with the counties, municipalities, utilities, and other planning entities affected by sewer service. N.J. Stat. Ann. § 58:11A-5 to -8. In doing so, WQM Plans analyze the wastewater needs of an area by accounting for existing, planned, and new development.

17. New Jersey is divided into twelve areawide waste treatment management planning areas, also known as WQMP areas, with a planning agency designated to oversee the planning process for each area. N.J. Stat. Ann. § 58:11A-4; N.J. Stat. Ann. § 58:11A-6; N.J. Admin. Code § 7:15-2.3.

18. The majority of the Roxbury Warehouse is within the Sussex County WQM Plan, and a small portion to the southeast is within the Upper Raritan WQM Plan. The designated planning agency that oversees the Sussex County WQM Plan is the Sussex Board of County Commissioners. NJDEP acts as the designated planning agency that oversees the Upper Raritan WQM Plan. N.J. Stat. Ann. § 58:11A-6; N.J. Admin. Code § 7:15-2.3(b).

19. The designated planning agency processes amendments and revisions to WQM Plans pursuant to NJDEP's regulations. N.J. Admin. Code § 7:15-2.5. In doing so, it considers

other pertinent planning documents including municipal, county, regional, State, and interstate land use plans. *Id.*

20.     A WQM Plan must be amended in order to expand the sewer service area. Sewer service area is "the land area identified in a [ ] WQM plan from which wastewater generated is conveyed to, or has been determined to be eligible . . . to pursue a permit to connect to a domestic treatment works or industrial treatment works. Inclusion in a sewer service area does not guarantee that capacity exists or will exist to provide treatment for all flow from that area." N.J. Admin. Code § 7:15-1.5. Such amendments may be sought either by the relevant planning agency or directly by the developer. Obtaining such an amendment requires consultation with planning entities, review of environmentally sensitive areas, consent from various entities, public notice and comment, and other procedures. N.J. Admin. Code § 7:15-3.5; N.J. Admin. Code § 7:15-4.4. NJDEP approves proposed amendments to a WQM Plan. N.J. Admin. Code § 7:15-3.5(c). Reviewing and approving proposed amendments typically takes at least several months.

21.     Prior to 2022, the Roxbury Warehouse property was not in a sewer service area. In 2021 Adler Acquisitions, LLC, applied for an amendment to the Sussex County WQM Plan in order to expand the sewer service area of the Musconetcong Sewerage Authority Sewage Treatment Plant to serve the Roxbury Warehouse.

22.     The warehouse's then-owner, Adler Roxbury, LLC, agreed to various measures designed to mitigate the potential environmental impacts of this requested expansion. These included reducing the warehouse's overall development footprint and adopting various water conservation measures, such as utilizing low-flow water fixtures. In its application, Adler Roxbury projected that the warehouse would add 11,700 gallons per day of wastewater to the Musconetcong Sewerage Authority's system, based on the size and use of a 470,444 square foot warehouse.

23.    After agency review, including public notice and comment, NJDEP adopted the application for an amendment. However, recognizing the ecological and hydrological significance of the area where the Roxbury Warehouse is located, NJDEP conditioned its approval on Adler Roxbury's granting the State a conservation easement on the property (described below). This condition was in addition to the water conservation measures to which Adler Roxbury had agreed.

### Conservation Easement

24.    NJDEP's adoption of the WQM Plan amendment was conditioned on Adler Roxbury's executing and recording a conservation easement (attached hereto as Exhibit A), governed by N.J. Stat. Ann. § 13:8B-3, barring any development of the conservation easement area. The conservation easement was required to preserve suitable habitat for the red-shouldered hawk (*see* "Threatened and Endangered Species," below).

25.    The easement runs with the land in perpetuity and prohibits, among other things, the "removal, excavation, or disturbance of the soil" as well as "installation of structures." Ex. A. at 2. The conservation easement covers the 74.7 acres of presently undisturbed habitat surrounding the warehouse. Attached as Exhibit B is a map showing the Roxbury Warehouse and delineating the conservation area that surrounds it.

26.    To produce the map at Exhibit B, the GIS Unit staff delineated the metes and bounds described in the conservation easement juxtaposed over aerial imagery of the as-developed property. Specifically, the aerial imagery is from a state-contracted company, Nearmap, at a resolution of 3 inches. All GIS representations of boundaries and other features are approximate

as projections and various data sources may not align perfectly when projected and overlaid over each other, and have varying degrees of accuracy.[1]

27.    Pursuant to New Jersey law, the easement may not be released until a request for its release has undergone public notice and a hearing and has received the NJDEP Commissioner's approval. *See* N.J. Stat. Ann. § 13:8B-5, -6.

28.    Increasing the development footprint of the existing Roxbury Warehouse, such as by installing fencing on currently undeveloped land or increasing the size of the parking lot, is almost certain to violate the conservation easement, risking harm to the endangered and threatened species that the State is statutorily obliged to manage and which the easement is designed to protect.

29.    On February 24, 2026, DHS sent a brief letter to Acting NJDEP Commissioner Ed Potosnak, informing NJDEP that it had purchased the warehouse property, and acknowledging the conservation easement. The letter did not solicit NJDEP's views in any way, or contain any assessment of environmental impacts that DHS's plans for the property were likely to have. A true and accurate copy of this letter is attached to this declaration as Exhibit C.

### Threatened & Endangered Species

30.    Habitat designations are also considered during NJDEP's WQMP review process. *See* N.J. Admin. Code § N.J.A.C. 7:15-4.4(e)(1), -4.6, -4.7.

---

[1] The metes and bounds description contained some minor discrepancies; for example, some points of beginnings were missing, and one of the parcels did not close. For mapping purposes, the GIS Unit visually approximated the point of beginning based on aerial imagery and the statewide parcel data. This exhibit is provided for visual aid purposes, to show approximately how closely the conservation easement boundaries are to the existing warehouse. This map is not survey grade and not intended for any purpose other than approximating the geographic relationship between the easement and the warehouse in this case.

31.    This consideration comports with the New Jersey Legislature's mandate that the State manage all wildlife, pursuant to the Endangered and Non-game Species Conservation Act, N.J. Stat. Ann. § 23:2A-1 to -16.

32.    To assess impacts on wildlife, NJDEP uses "Landscape Maps," a tool for identifying suitable habitat and delineating "areas used by or necessary for endangered and threatened species and other priority wildlife to sustain themselves successfully." N.J. Admin. Code § 7:15-1.5. The Landscape Maps "depict areas of contiguous habitat types," such as forest, forested wetland, and beach/dune, "that are ranked based upon intersection with documented occurrences of endangered and threatened and priority wildlife species." *Id.*

33.    The Landscape Maps use "Land Use Land Cover" species-specific habitat patches to identify areas that are classified as habitat for these species.

34.    According to Land Use Land Cover 2020 mapping, the undeveloped portion of the Roxbury Warehouse property consists largely of deciduous forest, with about three acres of wetlands to the east and south of the warehouse. Prior to the warehouse's construction, NJDEP identified foraging habitat for red-shouldered hawk on the habitat. Red shouldered hawk is a State endangered species protected pursuant to N.J. Admin. Code § 7:25-4.13.

35.    According to the latest 2025 update to NJDEP's Landscape Project mapping tool, the undeveloped portion of the property currently has suitable habitat for several species in addition to the red-shouldered hawk, including the bald eagle, which is protected under the federal Bald and Golden Eagle Protection Act, *see* 16 U.S.C. § 668, as well as the northern long-eared bat, the little brown bat, the big brown bat, the eastern red bat, and the bobcat, each of which is protected under New Jersey's Endangered and Nongame Species Conservation Act, *see* N.J. Stat. Ann. § 23:2A-1, et seq.; N.J. Admin. Code § 7:25-4.13. The northern long-eared bat additionally

is protected under the federal Endangered Species Act, *see* 16 U.S.C. § 1531–1544; Endangered and Threatened Wildlife and Plants; Endangered Species Status for Northern Long-Eared Bat, U.S. Fish & Wildlife Serv., 87 Fed. Reg. 73488 (Nov. 30, 2022).

36.    The property also contains nine confirmed vernal pools (temporary wetlands appearing from rain in the spring which are essential breeding habitats for many species of amphibians and invertebrates, *see* N.J. Admin. Code § 7:7A-1.3), as well as freshwater wetlands, both of which are protected under New Jersey's Freshwater Wetlands Protection Act. *See* N.J. Admin. Code § 7:7A-5.7.

37.    Development of the Roxbury Warehouse property outside of the existing warehouse footprint—such as by constructing a guard house or erecting perimeter fencing—is likely to harm these vernal pools and wetlands and the species that rely on them, such as the spotted salamander.

38.    Any new fencing added around the perimeter of the property will bisect or otherwise cross through mapped wetlands and vernal pools. *See* Ex. B.

39.    Harm to these ecologically significant areas, and the species that inhabit them, inhibits the State's ability to meet its statutory obligation to manage such species under New Jersey's Endangered and Non-game Species Conservation Act, N.J. Stat. Ann. § 23:2A-1 to -16. I declare under penalty of perjury under the laws of the State of New Jersey that the foregoing is true and correct.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. Executed this 6th day of April, 2026, in Trenton, New Jersey.

_Jason Brandon Kane_
Jason Brandon Kane

# EXHIBIT A

| Morris County Recording Cover Sheet | MORRIS COUNTY, NJ |
|---|---|
| **Honorable Ann F. Grossi, Esq.**<br>**Morris County Clerk** | Ann F. Grossi<br>EAS-OR BOOK 24321 PG 4<br>RECORDED 01/18/2022 08:51:34<br>FILE NUMBER 2022005038<br>RCPT # 1694564; RECD BY: NJACKSON eRecord<br>RECORDING FEES 250.00<br>INDEX FEE |

| *Official Use Only - Realty Transfer Fee* | |
|---|---|
| | *Official Use Only - Barcode* |

| **Date of Document:**<br>12/07/2021 | **Type of Document:**<br>EASEMENT |
|---|---|
| **First Party Name:**<br>ADLER ROXBURY LLC | **Second Party Name:**<br>DEPARTMENT OF ENVIRONMENTAL PROTECTION STATE OF NEW JERSEY |

| ADDITIONAL PARTIES |
|---|
| |

This is not an official document

| THE FOLLOWING SECTION IS REQUIRED FOR DEEDS ONLY | |
|---|---|
| **Block: 9501** | **Lot: 1** |
| **Municipality: ROXBURY TWP** | |
| **Consideration:** | |
| **Mailing Address of Grantee:** | |

| THE FOLLOWING SECTION IS FOR ORIGINAL MORTGAGE BOOK & PAGE INFORMATION FOR AN ASSIGNMENT, RELEASE, OR SATISFACTION OF A MORTGAGE OR AN AGREEMENT RESPECTING A MORTGAGE | |
|---|---|
| **Original Book:** | **Original Page:** |

**MORRIS COUNTY RECORDING COVER SHEET**

Please do not detach this page from the original document as it contains important recording information and is part of the permanent record.

WARNING: Information contained on the Recording Cover Sheet must exactly match the information within the attached document or the document will be rejected and returned.

Book24321/Page4

CSC / INGEO SYSTEMS
919 N. 1000 WEST
LOGAN, UT 84341

*Return To* [handwritten]

NJDEP File No.: __1436-05-0006.1__

Prepared by: John P. Wyciskala, Esq.

## GRANT OF CONSERVATION RESTRICTION/EASEMENT
(Critical Wildlife Habitat Site Area)

This Grant of Conservation Restriction is made this ⌐Ј‡Н day of December, 2021, by the Adler Roxbury, LLC, their heirs, successors and assigns and all legal and equitable owners, and any and all current or successor holders of any interest in and to the property whose address is 160 Raritan Center Parkway, Unit 20, Township of Edison, County of Middlesex, State of New Jersey, hereinafter referred to as "Grantor", in favor of the State of New Jersey Department of Environmental Protection, its successors and assigns, hereinafter referred to as the "Grantee".

### WITNESSETH:

WHEREAS, the Grantor is the owner in fee simple of certain real property located at 271 Kings Highway, Roxbury Township, County of Morris, New Jersey (the "Property"), designated as Lot 1, Block 9501 on the official Tax Map of the Township of Roxbury; and

WHEREAS, the Grantor has obtained an Amendment to the Sussex County Water Quality Management Plan (WQMP) and Morris County Wastewater Management Plan (WMP), NJDEP File No. 1436-05-0006.1 ("Permit"), pursuant to the Watershed Management Water Quality Management Plan (WQMP) Rules at N.J.A.C. 7:15- 4.7, for a land use development on the subject Property; and

WHEREAS, the Permit issued to Grantor is conditioned upon the provision of the grant of a conservation restriction/easement over a total of 74.7 acres of mitigation land on the subject Property to compensate for the loss of Critical Wildlife Habitat associated with the work authorized by the aforementioned Amendment; and

WHEREAS, Grantor has agreed to grant this conservation restriction/easement in order to satisfy its Permit mitigation obligation; and

WHEREAS, both threatened and endangered species habitats and critical wildlife habitats play a significant role in the maintenance of environmental quality on a community, regional, and statewide level; and

WHEREAS, existing threatened and endangered species habitat and critical wildlife habitat areas serve to maintain the biological diversity and ecological stability of New Jersey's natural resources; and

WHEREAS, the Grantee desires to preserve 74.7 acres of existing critical wildlife habitat area contained within the Restricted Area as shown on the map and more particularly described in the legal description(s) attached hereto as **Exhibit A** in its natural state, so as to preserve and protect migratory songbirds and resident animal and plant species on the Restricted Area, including the air space and subsurface forever in its natural state, and,

1346-001\#637422v1

Grant of Conservation Restriction/Easement
Block 9501, Lot 1
Roxbury Township, Morris County

**WHEREAS,** the Grantee is authorized by <u>N.J.S.A.</u> 13:1 D-9 to formulate comprehensive policies for the conservation of natural resources, to promote environmental protection, and prevent pollution of the environment of the State, and is authorized by <u>N.J.S.A.</u> 13:8B-3 to acquire and enforce conservation restrictions; and

**WHEREAS,** the Grantor, having the authority to do so, intends to enter into this Conservation Restriction in order to grant to the Grantee a Conservation Restriction/Easement on the Property to restrict subsequent development of the Restricted Area as shown on the map and legal description(s) attached hereto as **Exhibit A.**

**NOW THEREFORE,** in consideration for the issuance of the Permit and for valuable consideration, the receipt and sufficiency of which is hereby acknowledged, and the facts recited above and the terms, conditions and restrictions contained herein, the Grantor hereby agrees that the Property shall be subject in perpetuity to the following conveyances, covenants and restrictions in favor of the Grantee:

1.    Grantor hereby conveys, transfers, assigns and grants to the Grantee a Conservation Restriction/Easement with respect to the Restricted Area on property designated as the Lot 1 in Block 9501 on the official tax map of the Township of Roxbury, County of Morris, State of New Jersey, as more particularly shown on the map and legal description attached hereto as **Exhibit A.**

2.    Specifically, but not limited to, the following activities shall not occur in the Restricted Area:

    (a)  Removal, excavation, or disturbance of the soil;

    (b)  Dumping or filling with any materials;

    (c)  Installation of structures;

    (d)  Placement of pavement or other impervious materials;

    (e)  Destruction of plant life which would alter the existing pattern of vegetation;

    (f)  The use of fertilizers, herbicides or pesticides;

    (g)  Removal, clearing or mowing of live vegetation, including trees, unless it is demonstrated in advance to the Grantee that such removal will result in habitat enhancement or to prevent a safety hazard, and the Grantor has received written approval of the DEP's Division of Land Use Regulation.

    (h)  All other activities, unless explicitly permitted as part of the Conservation Restriction/Easement.

2

Book24321/Page6

Grant of Conservation Restriction/Easement
Block 9501, Lot 1
Roxbury Township, Morris County

3.   The boundaries of the Restricted Area shall be marked by an unobtrusive, semi-permanent visual marker in a manner of the Grantor's choosing, and to the Grantee's satisfaction, no less than 30 days prior to the commencement of site preparation. Examples include survey markers, fence post, pipe in the ground, and survey markers.

4.   This Conservation Restriction/Easement shall be a burden upon and shall run with the Property, and shall bind Grantor, its heirs, successors and assigns, in perpetuity. The Grantor shall give notice of this deed restriction to all holders of any easements in the Restricted Area within 30 days of recording by the County Clerk.

5.   It is the purpose of the Conservation Restriction/Easement to assure that the Restricted Area will be maintained as such and to prevent any disturbance or development to that portion of the Property. To carry out this purpose, the following rights are granted to Grantee by this Conservation Restriction/Easement:

   (a) Upon advance notice, to enter upon the Property in a reasonable manner and at reasonable times so as to assure compliance with the provisions of this Conservation Restriction/Easement; and

   (b) In addition to the exercise of any other statutory or common law right, to enjoin any activity on, or use of, the Restricted Area that is inconsistent with the purpose of this Conservation Restriction/Easement and to enforce the restoration of such areas or features of the Restricted Area that may be damaged by inconsistent activity or use.

6.   Grantor shall provide the Grantee telephonic and written notice of any transfer or change in ownership of any portion of the Restricted Area, including but not limited to the name and address of the new owner, and including but not limited to any later-formed condominium association, at least one month prior to the day of the signing of those documents accomplishing the actual transfer or change in ownership.

7.   In addition to, and not in limitation of, any other rights of the Grantee hereunder or at law or in equity, if the Grantee determines that a breach, default or violation ("Violation") of this Conservation Restriction/Easement has occurred or that a Violation is threatened, the Grantee shall give written notice to Grantor of such Violation, setting forth the specifics thereof, and demand corrective action sufficient to cure the Violation. If the Grantor fails to cure the Violation after receipt of notice thereof from the Grantee, or under circumstances where the Violation cannot reasonably be cured within a time period dictated by the Grantee, fails to begin curing such Violation within the time period dictated by the Grantee, or fails to continue diligently to cure such Violation until finally cured, the Grantee may bring an action at law or in equity in a court of competent jurisdiction:

   (a) To enjoin and/or cure such Violation;

3

Grant of Conservation Restriction/Easement
Block 9501, Lot 1
Roxbury Township, Morris County

> (b) To enter upon the Restricted Area and to take action to terminate and/or cure such Violation and or to cause the restoration of that portion of the Restricted Area affected by such Violation to the condition that existed prior thereto; or

> (c) To seek or enforce such other legal and/or equitable relief or remedies as the Grantee deems necessary or desirable to ensure compliance with the terms, conditions, covenants, obligations and purpose of this Conservation Restriction/Easement.

8. If the Grantee, in its discretion, determines that circumstances require immediate action to prevent or mitigate significant damage to the Restricted Area, the Grantee may pursue its remedies under paragraph 7 above without prior notice to Grantor or without waiting for the period provided for cure to expire. The Grantee's rights under this paragraph shall apply equally in the event of either actual or threatened Violations of the terms of this Conservation Restriction/Easement. Grantor agrees that the Grantee's remedies at law for any Violation of the terms of this Conservation Restriction/Easement are inadequate and that the Grantee shall be entitled to the injunctive relief described in this paragraph, both prohibitive and mandatory, in addition to such other relief to which the Grantee may be entitled, including specific performance. The above language shall in no event be interpreted to derogate or diminish the Grantee's rights and powers under the laws of the State of New Jersey for the protection of public health, safety and welfare.

9. Enforcement of the terms of this Conservation Restriction/Easement shall be at the discretion of the Grantee and any forbearance by the Grantee to exercise its rights under this Conservation Restriction/Easement in the event of any Violation by Grantor shall not be deemed or construed to be a waiver by the Grantee of such term or of any subsequent Violation or of any of the Grantee's rights under this Conservation Restriction/Easement. No delay or omission by the Grantee in the exercise of any right or remedy upon any Violation by Grantor shall impair such right or remedy or be construed as a waiver of such right or remedy.

10. Grantor agrees to reimburse the Grantee for any costs incurred by the Grantee in enforcing the terms of this Conservation Restriction/Easement against Grantor, and including, without limitation, the reasonable costs of suit and attorneys' fees.

11. The Grantee reserves the right to transfer, assign, or otherwise convey the Conservation Restriction/Easement to any other entity or person provided it is in accordance with N.J.S.A. 13:8B-1 et seq.

12. This conservation easement is subject to being lifted, modified or replaced with a management agreement at the discretion of the Grantee should the property be donated or transferred to a State or Federal entity for conservation purposes.

4

Grant of Conservation Restriction/Easement
Block 9501, Lot 1
Roxbury Township, Morris County

12.    Any notice, demand, request, consent, approval or communication under this Conservation Restriction/Easement shall be sent by certified mail, return receipt requested or reliable overnight courier, addressed as follows:

To Grantor:

Mr. Joshua Adler
Adler Development
160 Raritan Center Parkway, Unit 20
Edison, NJ 08837

To the Grantee:

New Jersey Department of Environmental Protection
Bureau of NJPDES Stormwater Permitting and Water Quality Management
P.O. Box 420, 401 East State Street
Mail Code 401-04I
Trenton, NJ  08625-0420

In addition, any notice relating to paragraph 6 shall be addressed as follows:

To the Department:

State of New Jersey
Department of Environmental Protection
Coastal and Land Use Compliance and Enforcement
401 East State Street
Mail Code 401-04C
P.O. Box 420
Trenton, NJ 08625-0420
Attention: Manager, Coastal and Land Use Compliance and Enforcement
(609) 984-4587

13. A party may change the address or person to whom notices to it are required to be given by notice given in the manner above provided.

14. This instrument conveys no additional right of access by the general public to any portion of the Property.

15. The Grantor agrees to bear all costs and liabilities of any kind related to the operation, upkeep and maintenance of the Restricted Area, including any required fencing of the Restricted Area, as stated or shown in **Exhibit A.** The Grantor shall be responsible for acts of its own negligence consistent with the provisions of the New Jersey Tort Claims Act, N.J.S.A. 59:8-1 et seq.

5

Grant of Conservation Restriction/Easement
Block 9501, Lot 1
Roxbury Township, Morris County

16. The Grantor agrees that the terms, conditions, restrictions and purposes of this Conservation Restriction/Easement will be inserted in any subsequent deed, subdivision deed, lease, sub-lease or other legal instrument by which the Grantor divests itself of any interest in any portion of the Property. Notwithstanding the failure of the Grantor to include the terms and restrictions of this instrument, it shall run with the land and be binding on all heirs, successors and assigns.

17. Reserved.

18. Notwithstanding anything contained herein to the contrary, any modification or termination of this Conservation Restriction/Easement shall require the prior written approval of the Grantee, its successor or assign.

19. This Conservation Restriction/Easement shall survive any merger of the fee and restriction interest in the Restricted Area.

20. In the event of a conflict between this Conservation Restriction/Easement and the tax maps of the Township of Roxbury, Morris County, and specifications approved by the Grantee in writing pursuant to the Permit and **Exhibit A**, the former shall govern.

21. Taxes, Insurance.

 (a) Grantor retains all responsibilities and shall bear all costs and liabilities of any kind related to the ownership, operation, upkeep and maintenance of the Property and Restricted Area. Grantor shall keep the Property and Restricted Area free of any liens arising out of any work performed for, materials furnished to, or obligations incurred by Grantor.

 (b) The Grantor agrees to pay any real estate taxes or other assessments levied on the Property and Restricted Area. If the Grantor becomes delinquent in payment of said taxes or assessments, such that a lien against the land is created, the Grantee, at its option, shall, after written notice to the Grantor, have the right to purchase and acquire the Grantor's interest in said Property and Restricted Areas or to take such other actions as may be necessary to protect the Grantee's interest in the Restricted Area and to assure the continued enforceability of this Conservation Restriction/Easement.

22. Miscellaneous.

 (a) The laws of the State of New Jersey shall govern the interpretation and performance of this Conservation Restriction/Easement.

 (b) If any provision of this Conservation Restriction/Easement or the application thereof to any person or circumstance is found to be invalid, the remainder of the provisions of this Conservation Restriction/Easement, or the application of such

6

Grant of Conservation Restriction/Easement
Block 9501, Lot 1
Roxbury Township, Morris County

provision to persons or circumstances other than those as to which it is found to be invalid, as the case may be, shall not be affected thereby.

(c) This Conservation Restriction/Easement and the Permit set forth the entire agreement of the parties with respect to the Conservation Restriction/Easement and supersede all prior discussions, negotiations, understandings or agreements relating to the easement, all of which are merged herein. No alteration or variation of this Conservation Restriction/Easement shall be valid or binding unless contained in a writing executed by the parties hereto.

(d) Should there be more than one Grantor, the obligations imposed by this Conservation Restriction/Easement upon each Grantor shall be joint and several.

(e) The covenants, terms, conditions and restrictions of this Conservation Restriction/Easement shall be binding upon, and inure to the benefit of, the parties hereto and all parties having or acquiring any right, title or interest in any portion of the Property, including holders of subdivision deeds, and shall continue as a servitude running in perpetuity with the Property.

(f) The captions in this Conservation Restriction/Easement have been inserted solely for convenience of reference and are not a part of this Conservation Restriction/Easement and shall have no effect upon construction or interpretation.

(g) Execution of this Conservation Restriction/Easement does not constitute a waiver of the rights or ownership interest of the State of New Jersey in public trust property.

(h) This Conservation Restriction/easement shall be construed as if it were drafted by both parties. Both parties waive all statutory and common law presumptions which might otherwise serve to have the instrument construed in favor of, or against, either party as the drafter hereof.

(i) This Conservation Restriction/Easement may be executed in any number of counterparts, all of which, taken together, shall constitute one and the same instrument.

23. The Grantor reserves unto itself the right to undertake de minimis modifications of the Restricted Area that are approved in advance and in writing by the Grantee. The Grantee may approve the modification under the following conditions and with the following documentation:

(a) The modification results in an increased level of protection of the regulated resource; or

(b) The modification results in equivalent areas of resources protected; and

7

Book24321/Page11

Grant of Conservation Restriction/Easement
Block 9501, Lot 1
Roxbury Township, Morris County

(c) The modification does not compromise the original protected resource.

24. If the Grantee approves the Grantor's modification, the Grantor shall amend this instrument by preparing and submitting to the Grantee for review and approval:

(a) A revised plan and metes and bounds description for the area to be preserved under the modified Conservation Restriction/Easement (hereinafter the "Modification Documents"); and

(b) An Amended Conservation Restriction/Easement that reflects the modifications to the original Conservation Restriction/Easement, the justification for the modification, and that also includes the deed book and page of the title deed for the property or properties subject to the modified Conservation Restriction/Easement set forth in the Modification Documents.

25. The Grantor shall record the documents listed in paragraph 24, above, in the same manner and place as this original Conservation Restriction/Easement was recorded.

26. This Grant of Conservation Restriction/Easement may only be removed pursuant to N.J.S.A. 13:8B-1 et seq.

27. The Permitee reserves unto itself the right to abandon the project entitled Adler Roxbury warehouse development (the "Project" as defined in **Exhibit A**), whereupon the Grantee shall execute an appropriate release of this Conservation Restriction/Easement without the need for a public hearing that might otherwise be required under N.J.S.A. 13:8B-1 et seq. Abandonment of the approved Project shall include a relinquishment of the Project's associated permits and any and all rights thereto. The right to this release of the Conservation Restriction/Easement may only be undertaken prior to any site disturbance, pre-construction earth movement or construction within any regulated land or water areas governed by this instrument. Any such release shall be effectuated by the recordation of a Release of Conservation Restriction/Easement which has been duly executed by the Grantor and Grantee.

**TO HAVE AND TO HOLD** unto the State of New Jersey, Department of Environmental Protection, its successors and assigns forever. The covenants, terms, conditions, restrictions and purposes imposed with this Conservation Restriction/Easement shall not only be binding upon the Grantor but also upon its agents, personal representatives, assigns and all other successors to it in interest, and shall continue as a servitude running in perpetuity with the Property.

8

Book24321/Page12

Grant of Conservation Restriction/Easement
Block 9501, Lot 1
Roxbury Township, Morris County

**IN WITNESS WHEREOF**, the Grantor has set its hand and seal on the day and year first above written and directs that this instrument be recorded in the office of the Middlesex County Clerk.

Adler Roxbury, LLC (Grantor)

_____ (signature names and title)
Joshua Adler, Manager

ATTEST:

_____ Catharine Villarreal

This is not an official document

9

Grant of Conservation Restriction/Easement
Block 9501, Lot 1
Roxbury Township, Morris County

**ACKNOWLEDGMENT**

**STATE OF NEW JERSEY**              )
                                     ) SS.:
**COUNTY OF MIDDLESEX**              )

   **I CERTIFY** that on this 7th day of December 2021, Joshua Adler personally came before me and this person acknowledged under oath that he is the Manager of Adler Roxbury, LLC, the entity in the attached Grant of Conservation Restriction, and that he delivered this Grant of Conservation in such capacity, and that the foregoing instrument is duly authorized by the entity and that he voluntarily signed and delivered this document as his act and deed on behalf of said entity.

Notary Public of the State of New Jersey
My Commission Expires: _____

CATHERINE VILLARREAL
Commission # 50076368
Notary Public, State of New Jersey
My Commission Expires
February 15, 2023

Attachments required: NJDEP Approved Plan(s)
        Legal Description of the Restricted Area (metes and bounds)

10

This is not an official document



Exhibit A

This is not an official document

Book24321/Page16

Exhibit A





# YANNACCONE, VILLA & ALDRICH, LLC
*Civil Engineers & Land Surveyors*

460 MAIN STREET, P.O. BOX 459
CHESTER, NEW JERSEY O7930
PHONE: 908-879-6646
FAX: 908-879-8591
yvallc.com

Gregory E. Yannaccone, PE                                                    Candice J. Davis, PE
Christopher J. Aldrich, PLS                                                  Rudy L. Holzmann, PE, CME
Ryan L. Smith, PE, PLS, CME

Metes & Bounds Description – Conservation Easement Parcel A
Lot 1 Block 9501
Township of Roxbury, Morris County, New Jersey

Beginning at a point in the second course described in a deed from Bouquet Roxbury Associates, LLC to
Adler Roxbury, LLC dated December 20, 2018 recorded in deed book 23472 at page 1272 located
N 02°20'50" W 689.80 feet from the beginning of said second course, from said Point of Beginning runs

1)  N 74°44'36" E 92.88 feet, thence;

2)  S 50°02'46" E 264.04 feet, thence;

3)  S 79°56'55" E 387.68 feet, thence;

4)  S 18°45'30" W 16.36 feet, thence;

5)  S 44°30'50" W 66.75 feet, thence;

6)  S 70°19'03" W 41.20 feet, thence;

7)  S 45°49'03" W 27.22 feet, thence;

8)  S 26°08'14" W 17.59 feet, thence;

9)  S 01°40'55" E 23.06 feet, thence;

10) S 27°40'33" E 21.91 feet, thence;

11) S 39°37'11" E 35.31 feet, thence;

12) S 50°23'29" E 48.02 feet, thence;

13) S 61°39'07" E 92.82 feet, thence;

14) S 71°11'28" E 65.64 feet, thence;

15) S 59°46'26" E 47.10 feet, thence;

16) S 83°39'43" E 39.73 feet, thence;

Exhibit A (continued)

This is not an official document

17) S 71°11'06" E 52.18 feet, thence;

18) S 79°27'54" E 60.21 feet, thence;

19) S 50°27'42" E 31.15 feet, thence;

20) S 11°43'37" E 138.36 feet, thence;

21) S 85°31'45" W 824.07 feet,

22) 110.57 feet along a curve to the left having a radius of 100.00 feet , a central angle of 63°21'09" and a chord bearing S 53°52'30" W  105.02 feet, thence;

23) S 22°11'55" W 12.27 feet, thence;

24) S 43°18'56" W 23.65 feet, thence;

25) S 20°48'56" W 205.03 feet to a point in the first course described in said deed book 23472, page 1272, thence;

26) Along said first course, N 00°12'14" W 368.52 feet, thence;

27) Along the second course described in said deed N 02°20'50" W 688.32 feet to the point and place of beginning.

Containing 11.32 acres as described.

This description was prepared by Yannaccone, Villa & Aldrich, LLC, Chester, New Jersey based on a map entitled "Conservation Easement Map", Lot 1 Block 9501, dated March 5, 2021 revised March 31, 2021.

Yannaccone, Villa & Aldrich, LLC
Christopher J. Aldrich, PLS
N.J. Licensed Land Surveyor No. 34478

March 31, 2021
M:\ca-data\Descriptions\218111 Conservation Esmt A.docx

Exhibit A (continued)

Book24321/Page18



# YANNACCONE, VILLA & ALDRICH, LLC

*Civil Engineers & Land Surveyors*

460 MAIN STREET, P.O. BOX 459
CHESTER, NEW JERSEY O7930
PHONE: 908-879-6646
FAX: 908-879-8591
yvallc.com

Gregory E. Yannaccone, PE
Christopher J. Aldrich, PLS
Ryan L. Smith, PE, PLS, CME

Candice J. Davis, PE
Rudy L. Holzmann, PE, CME

Metes & Bounds Description – Conservation Easement Parcel B
Lot 1 Block 9501
Township of Roxbury, Morris County, New Jersey

Beginning at the beginning point of the third course described in a deed from Bouquet Roxbury Associates, LLC to Adler Roxbury, LLC dated December 20, 2018 recorded in deed book 23472 at page 1272 and from said Point of Beginning runs

1) Along said third course, N 85°56'43" E 1216.93 feet, thence;

2) S 63°56'12" W 213.55 feet, thence;

3) S 16°22'29" W 457.03 feet, thence;

4) N 81°05'56" W 152.53 feet, thence;

5) S 58°39'27" W 123.92 feet, thence;

6) N 48°37'04" W 415.45 feet, thence;

7) S 41°55'36" W 21.42 feet, thence;

8) S 48°33'27" E 308.47 feet,

9) S 46°06'44" W 76.48 feet, thence;

10) S 86°32'43" W 32.31 feet, thence;

11) S 03°26'31" E 20.00 feet, thence;

12) S 20°52'04" E 128.95 feet, thence;

13) S 56°41'01" E 137.44 feet, thence;

14) S 40°04'51" E 247.41 feet, thence;

15) S 15°39'21" W 362.87 feet, thence;

Exhibit A (Continued)

Book24321/Page19

16) N 79°56'55" W 338.97 feet, thence;

17) N 50°02'46" W 192.21 feet, thence;

18) N 39°57'14" E 10.00 feet, thence;

19) N 50°02'46" W 70.00 feet, thence;

20) S 74°44'36" W 110.98 feet to a point in the second of said deed book 23472, page 1272 , thence;

21) Along said second course, N 02°20'50" W 1037.08 feet,

Containing  20.39 acres as described.

This description was prepared by Yannaccone, Villa & Aldrich, LLC, Chester, New Jersey based on a map entitled "Conservation Easement Map", Lot 1 Block 9501, dated March 5, 2021, revised March 31, 2021.

Yannaccone, Villa & Aldrich, LLC
Christopher J. Aldrich, PLS
N.J. Licensed Land Surveyor No. 34478

March 31, 2021 revised April 20, 2021
M:\ca-data\Descriptions\218111 Conservation Esmt B.docx

This is not an official document

Exhibit A (continued)



# YANNACCONE, VILLA & ALDRICH, LLC

*Civil Engineers & Land Surveyors*

460 MAIN STREET, P.O. BOX 459
CHESTER, NEW JERSEY O7930
PHONE: 908-879-6646
FAX: 908-879-8591
yvallc.com

Gregory E. Yannaccone, PE                                         Candice J. Davis, PE
Christopher J. Aldrich, PLS                                       Rudy L. Holzmann, PE, CME
Ryan L. Smith, PE, PLS, CME

Metes & Bounds Description –Conservation Easement Parcel C
Lot 1 Block 9501
Township of Roxbury, Morris County, New Jersey

Beginning at the beginning point of the fourth course described in a deed from Bouquet Roxbury Associates, LLC to Adler Roxbury, LLC dated December 20, 2018 recorded in deed book 23472 at page 1272, and from said Point of Beginning runs:

1) Along said fourth course, S 08°53'35" E 556.46 feet, thence;

2) N 56°18'46" W 150.64 feet, thence;

3) N 42°32'19" W 213.57 feet,

4) 40.51 feet along a curve to the left having a radius of 212.59 feet , a central angle of 10°55'05" and a chord bearing N 54°13'43" W  40.45 feet, thence;

5) N 60°25'47" W 45.73 feet,

6) 85.65 feet along a curve to the left having a radius of 145.10 feet , a central angle of 33°49'14" and a chord bearing N 85°35'31" W  84.41 feet, thence;

7) S 78°46'27" W 291.65 feet, thence;

8) N 22°09'15" E 14.70 feet, thence;

9) N 03°38'32" W 14.03 feet, thence;

10) N 25°05'40" W 31.15 feet, thence;

11) N 39°43'54" W 18.14 feet, thence;

12) N 59°36'07" W 19.22 feet, thence;

13) N 77°26'55" W 16.84 feet, thence;

14) S 89°08'00" W 57.98 feet, thence;

15) S 79°44'08" W 32.06 feet, thence;

This is not an official document

*Exhibit A (continued)*

16) N 88°59'47" W 25.02 feet, thence;

17) N 76°00'27" W 46.29 feet, thence;

18) N 68°43'57" W 25.76 feet, thence;

19) N 60°25'55" W 49.72 feet, thence;

20) N 46°42'56" W 17.17 feet, thence;

21) N 62°03'20" W 126.60 feet, thence;

22) N 63°52'07" W 11.93 feet, thence;

23) N 84°05'04" W 66.85 feet, thence;

24) N 46°11'10" W 39.10 feet to a point in the third course in said deed book 23472, page 1272, thence;

25) Along said third course, N 85°56'43" E 1139.02 feet to the point and place of beginning.

Containing 6.15 acres as described.

This description was prepared by Yannaccone, Villa & Aldrich, LLC, Chester, New Jersey based on a map entitled "Conservation Easement Map", Lot 1 Block 9501, dated March 5, 2021, revised March 31, 2021.

Yannaccone, Villa & Aldrich, LLC
Christopher J. Aldrich, PLS
N.J. Licensed Land Surveyor No. 34478

March 31, 2021
M:\ca-data\Descriptions\218111 Conservation Esmt C.docx

Exhibit A (continued)

This is not an official Document



# YANNACCONE, VILLA & ALDRICH, LLC

*Civil Engineers & Land Surveyors*

460 MAIN STREET, P.O. BOX 459
CHESTER, NEW JERSEY O7930
PHONE: 908-879-6646
FAX: 908-879-8591
yvallc.com

Gregory E. Yannaccone, PE
Christopher J. Aldrich, PLS
Ryan L. Smith, PE, PLS, CME

Candice J. Davis, PE
Rudy L. Holzmann, PE, CME

Metes & Bounds Description –Conservation Easement Parcel D
Lot 1 Block 9501
Township of Roxbury, Morris County, New Jersey

Beginning at the beginning point of the seventh course described in a deed from Bouquet Roxbury Associates, LLC to Adler Roxbury, LLC dated December 20, 2018 recorded in deed book 23472 at page 1272, and from said Point of Beginning runs:

1) Along said seventh course, S 81°50'04" W 579.10 feet, thence;

2) N 24°30'30" E 6.53 feet, thence;

3) N 85°01'04" E 27.89 feet, thence;

4) N 04°58'56" W 50.00 feet, thence;

5) S 85°01'04" W 918.14 feet, thence;

6) N 00°24'09" W 24.60 feet, thence;

7) N 47°15'05" E 35.85 feet, thence;

8) N 80°37'25" E 56.02 feet, thence;

9) N 64°54'33" E 45.39 feet, thence;

10) N 29°19'22" E 57.87 feet, thence;

11) N 08°54'24" E 101.43 feet, thence;

12) N 13°52'36" E 100.33 feet, thence;

13) N 05°16'01" E 179.13 feet, thence;

14) N 15°00'55" E 160.47 feet, thence;

15) N 10°06'22" E 42.04 feet, thence;

16) N 20°00'23" E 91.45 feet, thence;

Exhibit A (continued)

This is not an official document

17) S 74°55'28" E 97.39 feet, thence;

18) S 40°49'43" E 60.82 feet, thence;

19) N 49°10'17" E 10.00 feet, thence;

20) N 40°49'43" W 63.89 feet, thence;

21) N 74°55'28" W 99.60 feet, thence;

22) N 11°26'56" E 45.60 feet, thence;

23) N 09°19'04" E 80.18 feet, thence;

24) N 13°04'25" E 77.66 feet, thence;

25) N 31°51'05" E 194.50 feet, thence;

26) N 15°10'48" E 189.69 feet, thence;

27) N 28°17'40" E 34.93 feet, thence;

28) S 30°40'08" E 37.68 feet, thence;

29) S 50°51'51" E 40.84 feet, thence;

30) S 52°39'18" E 58.14 feet, thence;

31) S 17°50'43" E 95.44 feet, thence;

32) N 72°08'34" E 10.00 feet, thence;

33) N 17°50'44" W 98.58 feet, thence;

34) N 52°39'18" W 57.22 feet, thence;

35) N 52°39'18" W 43.52 feet, thence;

36) N 30°17'42" W 46.61 feet, thence;

37) N 15°47'34" E 109.57 feet, thence;

38) N 29°07'33" E 33.57 feet, thence;

39) N 22°09'15" E 79.90 feet, thence;

40) N 78°46'40" E 301.09 feet, thence;

41) N 81°09'34" E 11.38 feet, thence;

Exhibit A (continued)

This is not an official document

42) 77.45 feet along a curve to the right having a radius of 139.31 feet , a central angle of 31°51'19" and a chord bearing S 82°24'58" E  76.46 feet,  thence;

43) 69.41 feet along a curve to the right having a radius of 154.19 feet , a central angle of 25°47'39" and a chord bearing S 54°45'53" E  68.83 feet, thence;

44) S 42°32'01" E 215.33 feet, thence;

45) S 56°18'46" E 166.23 feet, thence;

46) S 08°53'35" E 279.18 feet, thence;

47) S 06°55'10" E 983.88 feet to the point and place of beginning.

Containing 36.93 acres as described.

This description was prepared by Yannaccone, Villa & Aldrich, LLC, Chester, New Jersey based on a map entitled "Conservation Easement Map", Lot 1 Block 9501, dated March 5, 2021, revised March 31, 2021..

Yannaccone, Villa & Aldrich, LLC
Christopher J. Aldrich, PLS
N.J. Licensed Land Surveyor No. 34478

March 31, 2021
M:\ca-data\Descriptions\218111 Conservation Esmt D.docx

Exhibit A (continued)

Book24321/Page25

# EXHIBIT B

# Roxbury Warehouse Project



Roxbury Township,
Morris County
Block 9501 Lot 1

## Legend

□ Conservation Restriction/ Easement

□ Parcel Boundaries

Basemap: 2024 Nearmap Aerial Imagery

The parcel boundary lines and conservation easement lines do not represent legal boundaries and should not be used to provide a legal determination of land ownership. Parcels are not survey data and should not be used as such. These representations are intended to provide reasonable representations of parcel boundaries.

# EXHIBIT C

*Office of Asset and Facilities Management*



**U.S. Department of Homeland Security**
500 12th Street, SW
Washington, DC  20536

## U.S. Immigration and Customs Enforcement

February 24, 2026

Commissioner Ed Potosnak
Department of Environmental Protection
401 E. State Street
7th Floor, East Wing
P.O. Box 402
Trenton, NJ  08625-0402

Re: Notification of Change in Ownership, Real Property, Roxbury Township


Dear Commissioner Potosnak:

By this letter the Department of Homeland Security (DHS) wishes to inform the Department of Environmental Protection that it has purchased the real property at 1879 Route 46, Roxbury Township, 08750, also known as 271 King's Highway, Roxbury Township, designated as Lot 1, Block 9501, in the township tax records. This property is encumbered by a conservation easement to the benefit of the Department of Environmental Protection. This easement required that the former owner of the property notify the Department of Environmental Protection one month in advance of a transfer of property ownership both in writing and telephonically. It is not clear whether this occurred, so in the interest of establishing a good working relationship with the Department of Environmental Protection, DHS is now sending this letter via regular mail and facsimile transmission.

Please have your staff contact me directly at tamim.chowdhury@ice.dhs.gov with any questions I could be helpful in answering.

Thank you for your consideration.

Sincerely,

TAMIM CHOWDHURY

Digitally signed by TAMIM CHOWDHURY
Date: 2026.02.24 14:30:14 -05'00'

Tamim Chowdhury
Real Estate Contracting Officer