Susan Kraham
EARTHJUSTICE
48 Wall Street
New York, New York 10005
(212) 284-8035

David N. Cinotti
PASHMAN STEIN WALDER HAYDEN, P.C.
Court Plaza South
21 Main Street, Suite 200
Hackensack, New Jersey 07601
(201) 488-8200

Renée Steinhagen
NEW JERSEY APPLESEED PUBLIC
INTEREST LAW CENTER
23 James Street
Newark, New Jersey 07102
(973) 735-0523

*Counsel for Proposed Amici Curiae Citizen and Environmental Groups*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| STATE OF NEW JERSEY and TOWNSHIP OF ROXBURY, <br><br>             Plaintiffs, <br><br>    v. <br><br> UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; KRISTI NOEM, in her official capacity as Secretary of Homeland Security; and TODD M. LYONS, in his official capacity as Senior Official Performing the Duties of the Director of Immigration and Customs Enforcement, <br><br>            Defendants. | Case No. 2:26-cv-02884 <br><br> Motion Date: May 18, 2026 <br><br><br> **MEMORANDUM OF LAW IN SUPPORT OF MOTION OF CITIZEN AND ENVIRONMENTAL GROUPS FOR LEAVE TO FILE AMICI CURIAE BRIEF IN SUPPORT OF PLAINIFFS' MOTION FOR A PRELIMINARY INJUNCTION** |

Concerned Residents of the Roxbury Community, the New Jersey Highlands Coalition, Skylands Preservation Alliance, New Jersey Environmental Justice Alliance, Hackensack Riverkeeper, Climate Revolution Action Network, New Jersey Environmental Lobby, Action Together New Jersey, New Jersey Conservation Foundation, and the New Jersey League of Conservation Voters respectfully seek leave of this Court to file a brief as amici curiae in support of the motion for a preliminary injunction filed by Plaintiffs State of New Jersey and Township of Roxbury in this matter.

A copy of the proposed amicus brief is attached as an exhibit to this motion. No party or party's counsel authored the brief in whole or in part. No person other than the amici curiae, its members, or its counsel contributed money that was intended to fund preparing or submitting the brief. Plaintiffs consent to this motion. Defendants take no position on this motion.

## <u>INTERESTS OF PROPOSED AMICI</u>

Proposed amici are residents of Roxbury and the surrounding community, and local organizations focused on the unique importance and environmental needs of the New Jersey Highlands Region (the "Highlands") and New Jersey's ecosystem more generally. Plaintiffs' pending motion for a preliminary injunction addresses the importance of pausing development of the Roxbury warehouse site, located in the Highlands, until Defendants comply with federal laws requiring environmental consideration and consultation. The proposed brief offers the Court their perspective and expertise on the local environmental context in which this dispute arises and emphasizes the importance of adhering to the federal requirements before the status quo is altered. A statement of the interests of each proposed amicus is below.

Concerned Residents of the Roxbury Community is an unincorporated organization of residents of Roxbury Township and the surrounding municipalities, formed in direct response to the federal government's purchase of a warehouse in Roxbury to be used for immigration detention. Its members live in the community that will bear the consequences of that decision: the impact on the environment, the strained water and sewer infrastructure, the increased traffic, the public-health risks, and the broader disruption to a township with limited emergency and municipal resources.

The New Jersey Highlands Coalition (the "Highlands Coalition") advocates for the protection of the Highlands' natural and cultural resources, including its water on which over 70% of New Jersey's population, its economy, and its viability rely. Among other things, the Highlands Coalition focuses on safeguarding the Highlands' water and forest resources by advocating for effective strategies and strong environmental and land-use policies. The Highlands Coalition also provides expertise and educational resources about the importance of the Highlands.

Skylands Preservation Alliance is a nonprofit made up of community residents in Warren and Hunterdon Counties, which focuses on identifying ecologically sensitive areas within the Skylands region, raising awareness about potential impacts of development, promoting sustainable development projects, and championing open space and land preservation.

New Jersey Environmental Justice Alliance ("NJEJA") is a nonprofit statewide alliance of New Jersey organizations and individuals committed to environmental justice in all communities throughout New Jersey. One of NJEJA's focuses is the siting of harmful facilities in local communities that have adverse environmental impacts, such as the siting of the detention facility at issue here.

2

Hackensack Riverkeeper promotes responsible, sustainable development and works to remediate centuries of pollution and associated environmental damage. It has particular expertise and interest in watershed areas.

Climate Revolution Action Network's mission is to promote the social welfare of communities across New Jersey by advocating for environmental justice.

New Jersey Environmental Lobby ("NJEL") is a nonprofit, membership-supported organization focused on protecting New Jersey's air, water, and land. For over 50 years, NJEL has represented the interests of New Jersey's residents. NJEL is a nonpartisan voice for policies that protect New Jersey's natural resources, public health, and economic viability.

Action Together New Jersey is a grassroots nonprofit, volunteer-based organization that focuses on environmental justice, among other areas.

New Jersey Conservation Foundation is a private, nonprofit organization devoted to preserving land and protecting natural resources throughout New Jersey. Since 1960, the organization has preserved more than 140,000 acres of open space, farmland, and parks. The organization manages more than a dozen nature preserves, conducts public outreach and education programs, and advocates for sensible land use and climate policies that will protect the health of New Jersey's plants, wildlife, and people.

The New Jersey League of Conservation Voters advocates for policies to protect clean air, safeguard clean water, and ensure equitable access to preserved open spaces and parks. The organization also seeks to amplify the voices of underserved communities who often bear the brunt of environmental harm.

3

## <u>ARGUMENT</u>

The Court should grant leave for amici to file their brief in support of Plaintiffs' motion for a preliminary injunction because the brief offers important information about the environmental risks that Defendants' proposed detention center poses.

District courts have "broad discretion" to permit the participation of amici curiae. *United States v. Alkaabi*, 223 F. Supp. 2d 583, 592 (D.N.J. 2002) (quoting *Waste Mgmt. of Pa., Inc. v. City of York*, 162 F.R.D. 34, 36 (M.D. Pa. 1995)). "District Courts may permit third parties to appear in court as amicus curiae where they 'can contribute to the court's understanding of the' issues being presented to the court." *United States v. Bayer Corp.*, No. 07–0001 (JLL), 2014 WL 12625934, at *1 (D.N.J. Oct. 23, 2014) (quoting *Harris v. Pernsley*, 820 F.2d 592, 603 (3d Cir. 1987)). In determining whether to grant an amicus leave to file a brief, courts in this district have considered whether "(1) the *amicus* has a 'special interest' in the particular case; (2) the *amicus*' interest is not represented competently or at all in the case; (3) the proffered information is timely and useful; and (4) the *amicus* is not partial to a particular outcome in the case." *Alkaabi*, 223 F. Supp. 2d at 592; *see also Kyocera Document Sols. Am., Inc. v. Division of Admin.*, 708 F. Supp. 3d 531, 542 n.16 (D.N.J. 2023) (considering those factors and granting *amicus* leave to file a brief); *Bernard v. Cosby*, No. 1:21-cv-18566-NLH-MJS, 2022 WL 3273877, at *1-2 (D.N.J. Aug. 11, 2022) (same).

This Court should grant the citizen and environmental groups leave to participate as amici curiae because the proposed amicus brief would contribute to the Court's understanding of the environmental impact of the DHS's conversion of the warehouse to a detention center without the required environmental assessments and local consultation. Proposed amici environmental groups have a special interest in ensuring a safe and healthy environment for all New Jersey communities,

especially ones vulnerable to environmental injustices like Roxbury, and in protecting the uniquely important Highlands region. Proposed amici also include concerned citizens of Roxbury who are directly affected by the DHS's conversion of the Roxbury warehouse and its environmental and public-health consequences. As the proposed brief sets forth, such implications on local water and sewage systems pose a direct risk to the residents of Roxbury. Their interests, perspective, and expertise are unique and not entirely conveyed in Plaintiffs' submission. *See, e.g.*, *Johnson & Johnson Health Care Sys. Inc. v. Save On SP, LLC*, No. CV 22-2632, 2023 WL 415092, at *8 n.5 (D.N.J. Jan. 25, 2023) ("[T]he Court concludes that the proposed amici contributed to the Court's understanding of the public harm from Defendant's Program and considered their amicus briefs.").

The proposed amicus brief is timely as it is being filed shortly after the motion for a preliminary injunction and before Defendants' opposition is due. And the proposed brief is useful to the Court because it explains the implications of DHS's plans, specific to the environmental sensitivities of Roxbury and the Highlands. Such a large-scale project also raises significant public-health risks for the local community and potential detainees that the proposed brief sets forth.

Finally, the fact that amici support Plaintiffs' position does not disqualify them from assisting the Court. The suggestion that an amicus must be neutral "is contrary to the fundamental assumption of our adversary system that strong (but fair) advocacy on behalf of opposing views promotes sound decision making. Thus, an amicus who makes a strong but responsible presentation in support of a party can truly serve as the court's friend." *Neonatology Assocs., P.A. v. Comm'r*, 293 F.3d 128, 131 (3d Cir. 2002). "Parties with . . . policy interests have been regularly allowed to appear as *amici* in our courts." *Alkaabi*, 223 F. Supp. 2d at 592; *see also Bayer Corp.*,

2014 WL 12625934, at *1 (permitting two trade associations with a "strong interest in the outcome" of the case to appear as amicus curiae).

Accordingly, the Court should grant this motion because the proposed amicus brief provides useful information not fully presented by the parties that is relevant to the pending motion for a preliminary injunction.

**CONCLUSION**

Proposed amici respectfully request leave to file the attached amicus brief.

Dated: April 14, 2026

Respectfully submitted,

/s/ Susan Kraham
Susan Kraham
Dror Ladin (*pro hac vice* to be filed)
Casandia Bellevue (admission pending)
EARTHJUSTICE
48 Wall Street
New York, New York 10005
(212) 284-8035
skraham@earthjustice.org
*Counsel for Amicus New Jersey Environmental Justice Alliance*

/s/ Renée Steinhagen
Renée Steinhagen
NEW JERSEY APPLESEED PUBLIC INTEREST LAW CENTER
23 James Street
Newark, New Jersey 07102
(973) 735-0523
renee@njappleseed.org
*Counsel for Amicus Concerned Residents of the Roxbury Community*

/s/ David N. Cinotti
David N. Cinotti
PASHMAN STEIN WALDER HAYDEN, P.C.
Court Plaza South
21 Main Street, Suite 200
Hackensack, New Jersey 07601
(201) 270-4901
dcinotti@pashmanstein.com
*Counsel for Amici New Jersey Highlands Coalition, Skylands Preservation Alliance, Hackensack Riverkeeper, Climate Revolution New Jersey, New Jersey Environmental Lobby, Action Together New Jersey, New Jersey Conservation Foundation, and New Jersey League of Conservation Voters*