**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| STATE OF NEW JERSEY and TOWNSHIP OF ROXBURY,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, et al.,<br><br>Defendants. | Hon. Jamel K. Semper, U.S.D.J.<br>Hon. James B. Clark, U.S.M.J.<br><br>Civil Action No.: 26-02884 |

**JOINT STIPULATION TO STAY ADJUDICATION OF PLAINTIFFS'**
**MOTION FOR PRELIMINARY INJUNCTION**

Plaintiffs State of New Jersey and Township of Roxbury and Defendants United States Immigration and Customs Enforcement (ICE); United States Department of Homeland Security (DHS); Markwayne Mullin, in his official capacity as Secretary of Homeland Security; and Todd M. Lyons, in his official capacity as Senior Official Performing the Duties of the Director of Immigration and Customs Enforcement, (collectively, "the parties"), by and through counsel of record, hereby agree and stipulate as follows:

1

**WHEREAS**, Plaintiffs filed the Complaint in this action (ECF No. 1) on March 20, 2026, challenging Defendants' decision to establish an immigration detention facility at 1879 Route 46, Roxbury, New Jersey, currently the site of a vacant industrial warehouse (the "Roxbury Warehouse");

**WHEREAS**, on April 7, 2026, Plaintiffs noticed their intent to move for a Preliminary Injunction on May 15, 2026 (ECF No. 10), that would enjoin Defendants from proceeding with any activities to convert the Roxbury Warehouse into an immigration detention facility, and from operating the Roxbury Warehouse as an immigration detention facility, during the pendency of this litigation;

**WHEREAS**, Plaintiffs' motion for preliminary injunctive relief is based on their allegations that Defendants' proceeding with such conversion activities or operations without first conducting certain environmental reviews under the National Environmental Policy Act (NEPA), 42 U.S.C. §§ 4321–4347, and without first consulting with State and local entities under the Intergovernmental Cooperation Act (ICA), 31 U.S.C. §§ 6501–6508, would be contrary to law, *see* ECF No. 10-1; ECF No. 1 (Complaint Counts I and II);

**WHEREAS**, Defendants filed their Response in Opposition to Plaintiffs' Motion for a Preliminary Injunction (ECF No. 26) on April 23, 2026, and attached to their Response the Declaration of Andrew J. DeGregorio (ECF. No. 26-1), in which Mr. DeGregorio attests that "ICE will be conducting further NEPA analysis as to the

2

retrofitting of the warehouse for detention prior to proceeding with any construction for that purpose, which will include an Environmental Assessment (EA) pursuant to NEPA";

**WHEREAS**, Plaintiffs have conferred with Defendants, and Defendants have confirmed, represented, and agreed that the activities they will engage in at the Roxbury Warehouse prior to completion of a final EA addressing conversion of the warehouse to a detention facility and issuance of a decision document relying on that final EA are certain measures for purposes of site security and maintenance described in paragraph 4;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by and between the parties, through their respective counsel, subject to the Court's approval, that:

1.    Consideration of Plaintiffs' pending Preliminary Injunction Motion (ECF No. 10) is stayed.

2.    Within seven days of Defendants' notifying Plaintiffs of the issuance of the agency decision document that relies on a final EA addressing conversion of the warehouse into a detention facility, the parties shall confer and submit a joint status report to the Court proposing a schedule for future proceedings, including the filing of any amended complaint and renewed motion for preliminary injunction.

3.      From the date of this stipulation until the end of the seven-day period following issuance of the agency decision document described in paragraph 2, Defendants shall not undertake any activities at the Roxbury Warehouse site for purposes of converting it into a detention center other than those identified in paragraph 4. Further, if Plaintiffs advise Defendants within seven days of issuance of the agency decision document that they intend to file a renewed motion for a preliminary injunction, Defendants shall not undertake any activities at the Roxbury Warehouse site for purposes of converting it into a detention center other than those identified in paragraph 4 until 30 days after Plaintiffs file their renewed motion for a preliminary injunction.

4.      Nothing in this Joint Stipulation prohibits the following activity: installing temporary fencing that does not extend beyond the current footprint of the Roxbury Warehouse, does not extend into the conservation easement area without the State's approval, and does not involve any ground disturbance; installing security cameras and lighting around the perimeter as needed and depicted on page 4 of Defendants' Opposition brief, ECF No. 26, and arranged to reflect light away from adjoining streets and properties to the extent practicable; installing security signage at all access points and at intervals along the fencing as necessary; installing a building security alarm system, which includes temporary CCTV coverage with security

trailers that have cameras and lighting; changing the locks and ensuring access control and intrusion alarm system remain operational; maintenance of HVAC operations and electrical services; exercising of plumbing valves and backflow prevention testing/certifications; monitoring and inspection of fire alarm and sprinkler systems; maintaining limited custodial services including cleaning, dusting, and garbage removal; lawncare and grounds maintenance not within the easement area unless coordinated with the State; maintenance of the facility structure and envelope solely to prevent leaks, breaches, and pest intrusion and to ensure roof, walls, and doors remain secure; and continued environmental and safety compliance with EPA, OSHA, and local regulations; all of which—for the avoidance of doubt—would be done in a manner that does not encroach upon the easement area (without State permission) or involve a ground disturbance.

**IT IS SO STIPULATED.**

[Signature Page Follows]

**JENNIFER DAVENPORT**
ATTORNEY GENERAL OF NEW JERSEY
   By: /s/ *Shankar Duraiswamy*
Jeremy M. Feigenbaum
   *Solicitor General*
Shankar Duraiswamy
   *Deputy Solicitor General*
Naima Drecker-Waxman
Yael N. Fisher
Viviana M. Hanley
Kristen D. Heinzerling
Kristina L. Miles
Lauren E. Van Driesen
   *Deputy Attorneys General*
25 Market Street
Trenton, NJ 08625
Lauren.VanDriesen@law.njoag.gov
(609) 696-5366

*Attorneys for the State of New Jersey*

**MURPHY MCKEON, PC**
   By: /s/ *James Bryce*
James Bryce
901 Route 23 2nd Floor
Pompton Plains, New Jersey 07444
jbryce@murphymckeonlaw.com
(973) 835-0100

*Attorneys for the Township of Roxbury*

**ADAM R.F. GUSTAFSON**
Principal Deputy Assistant Attorney General
U.S. Department of Justice
Environment & Natural Resources Division
   By: /s/ *Krystal-Rose Perez*
Krystal-Rose Perez
Trial Attorney
Natural Resources Section
150 M Street NE
Washington, DC 20002
krystal-rose.perez@usdoj.gov
(202) 532-3266

*Attorney for Defendants*


IT IS SO ORDERED on this _____ day of _____, 2026


_____

**Honorable Jamel K. Semper**
**United States District Judge**

6

## <u>CERTIFICATE OF SERVICE</u>

I certify that on May 12, 2026, I electronically filed this Joint Stipulation with the Clerk of the United States District Court for the District of New Jersey. Counsel for all parties are registered CM/ECF users and will be served via CM/ECF.


Dated:        May 12, 2026                              */s/ Naima Drecker-Waxman*
                                                               Naima Drecker-Waxman