*STATE OF NEW JERSEY*
OFFICE OF THE ATTORNEY GENERAL
DEPARTMENT OF LAW AND PUBLIC SAFETY
OFFICE OF THE SOLICITOR GENERAL
PO BOX 080
TRENTON, NJ 08625-0080

MIKIE SHERRILL
*Governor*

SHIRLEY U. EMEHELU
*Lt. Governor*

JENNIFER DAVENPORT
*Attorney General*

SUNDEEP IYER
*Solicitor General*

November 19, 2026

**VIA ECF**
Honorable Jamel K. Semper
U.S. District Court for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

**Re: *State of New Jersey et al. v. U.S. Immigration & Customs Enforcement et al.*, Civil Action No. 26-02884 (JKS) (JBC)**

Dear Judge Semper:

Plaintiffs write to advise the Court that they intend to file a motion to enforce this Court's May 12, 2026 Order. In connection with that forthcoming motion, Plaintiffs now request that the Court enter an expedited briefing schedule for that motion.

As Plaintiffs will explain in their motion to enforce, Defendants' recent actions violate the May 12 Order. The May 12 Order bars Defendants—subject to certain limited exceptions—from undertaking activities at the Roxbury warehouse site for purposes of converting the site into a detention center before (i) issuing an initial environmental assessment and (ii) giving Plaintiffs an opportunity to challenge the assessment's findings in a renewed preliminary injunction motion. *See* ECF 36. The documents produced by Defendants earlier this week show that Defendants entered into a contract on November 5, 2026 that commits over $31 million in taxpayer funds to renovating the Roxbury warehouse into a detention center. *See* ECF 56-1 to -3. To date, Defendants have not completed the necessary environmental assessment. So the contract commits

tens of millions of dollars to renovations to the site before Defendants have completed an environmental assessment—in direct contravention of this Court's May 12 Order.

Not only do Defendants' actions violate the May 12 Order, but they also undermine the very purpose of an environmental assessment: to take a "hard look" at the viability of a proposed project before "committing resources." *Del. Dep't of Nat. Res. & Envtl. Control v. U.S. Army Corps of Eng'rs*, 685 F.3d 259, 269 (3d Cir. 2012). Indeed, the purpose of the May 12 Order was to freeze the status quo to allow for a genuine environmental assessment—and, if necessary, litigation over its findings and further steps—*before* Defendants committed to constructing a facility that will impose severe harms on local infrastructure, public health, and the environment. Judicial intervention to stop Defendants from violating the May 12 Order is urgently necessary.

Because the text of the contract itself makes clear that work pursuant to the contract would begin immediately upon its execution, Plaintiffs seek expedited consideration of their forthcoming motion to enforce. To that end, Plaintiffs respectfully request that the Court enter the following briefing schedule on their forthcoming motion:

- Plaintiffs' motion: Due November 23
- Defendants' opposition: Due December 2
- Plaintiffs' reply: Due December 7

Plaintiffs have conferred with counsel for Defendants, who has advised that Defendants do not consent to the above proposed schedule.

Respectfully submitted,

By: */s/ Shankar Duraiswamy*
Shankar Duraiswamy
*Counsel for the State of New Jersey*

cc: Counsel of Record (via ECF)