**U.S. Department of Justice**

Energy and Natural Resources Division

*Natural Resources Section*
*P.O. Box 7611*
*Washington, DC 20044*

*Telephone (202) 532-3266*
*krystal-rose.perez@usdoj.gov*

November 20, 2026

The Honorable Jamel K. Semper
United States District Court, District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

**Re: *New Jersey v. U.S. Immigration & Customs Enforcement*, 2:26-cv-2884**
**Opposition to Plaintiffs' Request to Expedite Briefing**

Dear Judge Semper:

On behalf of Defendants in the above-referenced case, I write to seek reconsideration of the Court's order, Dkt. No. 58, granting Plaintiffs' request, Dkt. No. 57, to expedite the briefing schedule for their forthcoming motion to enforce the Court's May 12, 2026, Order, Dkt. No. 36. Plaintiffs base their request entirely on Defendants' contract for activities related to the Roxbury facility. *See* Dkt. No. 57. But the contract does not authorize any activities that would violate the Court's May 12 Order. Instead, the only activities that may currently proceed under the contract are permissible work related to the National Environmental Policy Act (NEPA) compliance, maintenance, and design. Indeed, the contract expressly prohibits "renovations for housing aliens" until the NEPA process is complete. Dkt. No. 56-3 at 15. Thus, contrary to Plaintiffs' assertion, renovations for a detention center cannot "begin immediately" at the Roxbury facility. Defendants have complied and continue to comply with the May 12 Order in any event. *See* Dkt. No. 57 at 2. Put simply, Plaintiffs fail to show a need to cut Defendants' response time short by five days, especially during the Thanksgiving holiday when many key agency personnel and undersigned counsel have family obligations. The Court should deny Plaintiffs' request because their forthcoming motion to enforce lacks both merit and urgency.

Plaintiffs the State of New Jersey and the Township of Roxbury filed suit in March 2026 to challenge the purchase of a facility in Roxbury, New Jersey, for use as an immigration detention center. Compl. ¶ 1, Dkt. No. 1. Plaintiffs then moved for a preliminary injunction based on their claims under NEPA and the Intergovernmental Cooperation Act. Dkt. No. 10. But since Immigration and Customs Enforcement (ICE) decided to prepare additional NEPA analysis, the parties agreed to stay consideration of Plaintiffs' motion until after ICE issued an Environmental Assessment (EA). Dkt. Nos. 34, 35. The Court entered the parties' joint stipulation staying consideration of Plaintiffs' preliminary injunction motion until after "the issuance of the agency decision document that relies on a final EA addressing conversion of the warehouse into a detention facility," Dkt. No. 36.

To facilitate the preparation of the EA, ICE entered into a contract on November 5, 2026. *See* Dkt. No. 56. As explained in the sworn declaration that Defendants submitted, the only activities for which funds have been obligated under the contract are NEPA compliance and “Transition-In,” which refers to maintenance and design. *See* Dkt. No. 56-1 ¶ 5. The contract expressly prohibits “[e]xterior, interior and infrastructure renovations for housing aliens” until a finding of no significant impact, which follows an EA, is issued. *See id.* ¶ 8.

Yet, Plaintiffs assert that ICE has violated the May 12 Order, which Plaintiffs acknowledge prohibits *only* “activities at the Roxbury warehouse site for purposes of converting the site into a detention center” until an EA is issued first. Dkt. No. 57. The May 12 Order provides for ICE undertaking the environmental analysis and maintenance that the contract authorizes. *See* Dkt. No. 36 ¶ 2 (referring to issuance of an EA), ¶ 4 (listing several security and maintenance items). Tellingly, Plaintiffs provide not one single example of Defendants’ purported commitment to “renovating the Roxbury warehouse into a detention center.” Dkt. No. 57. The environmental analysis and the design process must take place before ICE could decide to proceed with renovating the facility into a detention center, and as explained, ICE has not committed funds to doing so. *See* Dkt. No. 56-1. Plaintiffs offer no “text of the contract itself” that “makes clear” ICE is proceeding with renovations of the Roxbury facility *for the purpose* of converting it into a detention center. *Id.* Plaintiffs’ mischaracterization of the contract flies in the face of express language prohibiting any “renovations for the purpose of holding aliens” until Defendants’ additional environmental analysis is completed. Dkt. No. 56-3 at 15.

Undersigned counsel attempted without success to obtain more information about the specific activities that Plaintiffs believe the contract authorizes in violation of the May 12 Order and the specific provision of the May 12 Order they believe Defendants have violated. At the time of this filing, Plaintiffs’ counsel has not responded, having instead filed Plaintiffs’ request to expedite the briefing schedule.

In light of Plaintiffs’ failure to identify any contract provision evidencing a commitment to detention center renovations, Plaintiffs’ forthcoming motion to enforce is not only unnecessary but also lacks the urgency Plaintiffs claim. The Court should therefore deny Plaintiffs’ request to expedite the briefing schedule for Plaintiffs’ motion to enforce.

Thank you for your time and consideration of this matter.

Respectfully submitted,

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
Energy & Natural Resources Division
U.S. Department of Justice

*/s/ Krystal-Rose Perez*
KRYSTAL-ROSE PEREZ
Senior Trial Attorney
Natural Resources Section

Cc: All counsel (via ECF)