MIKIE SHERRILL
*Governor*

SHIRLEY U. EMEHELU
*Lt. Governor*

*STATE OF NEW JERSEY*
OFFICE OF THE ATTORNEY GENERAL
DEPARTMENT OF LAW AND PUBLIC SAFETY
OFFICE OF THE SOLICITOR GENERAL
PO BOX 080
TRENTON, NJ 08625-0080

JENNIFER DAVENPORT
*Attorney General*

SUNDEEP IYER
*Solicitor General*

November 20, 2026

**VIA ECF**
Honorable Jamel K. Semper
U.S. District Court for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

**Re:** ***State of New Jersey et al. v. U.S. Immigration & Customs Enforcement et al.*, Civil Action No. 26-02884 (JKS) (JBC)**

Dear Judge Semper:

Plaintiffs oppose Defendants' motion for reconsideration of the briefing schedule entered by the Court, ECF No. 58. Defendants argue that an expedited briefing schedule is unnecessary because Plaintiffs' forthcoming motion will lack merit. But the purpose of an expedited briefing schedule is to allow the Court to promptly determine whether Plaintiffs' motion is meritorious or not. Defendants do not dispute that if they are in fact violating the May 12 Order, prompt relief would be necessary and appropriate. Nor do Defendants state that they will cease their activities at the facility while briefing on Plaintiffs' motion is ongoing. Moreover, to the extent Defendants believe that it is already apparent that Plaintiffs' motion is clearly lacking in merit—which, to be sure, Plaintiffs vigorously dispute—it is not clear why they need more than five business days (excluding the four-day Thanksgiving weekend) to make these points.

As to the merits, Plaintiffs will lay out their argument in full in their forthcoming motion, but respond here briefly to certain points made by Defendants. The Task Order

that Defendants issued on November 5 commits more than $30 million in taxpayer funds to converting the Roxbury site into a detention center. But only $650,000 of that sum—less than two percent—is for an environmental assessment. Defendants insist that this $30 million is only for "Transition In" activities allegedly limited to the preparation of design documents and site maintenance. But Defendants' own Performance Work Statement attached to the Task Order expressly authorizes as part of the "Transition In" activities "interior construction or reconfiguration of administrative and office space while environmental review is ongoing." ECF 56-2 at 15. And it is hard to fathom that Defendants are paying *more than $30 million* for just a few months of site maintenance and the preparation of design documents.

Moreover, the "Transition In" section of the Performance Work Statement itself presupposes that the outcome of the environmental assessment will be a "finding of no significant impact" (or "FONSI") and directs the contractor to complete renovations of the site shortly thereafter: "*Once* the FONSI is issued, the contractor shall complete all required renovations necessary to begin alien intake no later than 120 days from issuance. Facility ramp-up shall include intake of aliens during week one of full operations, with increases in capacity of approximately beds each week thereafter." *Id.* (emphasis added). Thus, Defendants have already committed—in writing and financially—to the renovations before actually undertaking the required environmental assessment. At a minimum, Defendants' actions raise significant concerns that merit this Court's prompt attention and an expedited briefing schedule.

Respectfully submitted,

By: *<u>/s/ Shankar Duraiswamy</u>*
Shankar Duraiswamy
*Counsel for the State of New Jersey*

cc: Counsel of Record (via ECF)