**U.S. Department of Justice**

Energy and Natural Resources Division

***Natural Resources Section***
***P.O. Box 7611***
***Washington, DC 20044***

***Telephone (202) 532-3266***
***krystal-rose.perez@usdoj.gov***

November 20, 2026

The Honorable Jamel K. Semper
United States District Court, District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

**Re: *New Jersey v. U.S. Immigration & Customs Enforcement*, 2:26-cv-2884**
**Opposition to Plaintiffs' Request to Expedite Briefing**

Dear Judge Semper:

This letter replies to Plaintiffs' opposition, Dkt. No. 60, to Defendants' letter motion, Dkt. No. 59, for reconsideration of the Court's order, Dkt. No. 58, granting Plaintiffs' request, Dkt. No. 57, to expedite the briefing schedule for their forthcoming motion to enforce the Court's May 12, 2026, Order, Dkt. No. 36. Contrary to Plaintiffs' assertion, Defendants dispute that any motion to enforce is necessary and that it would need to be considered on an expedited basis.

Plaintiffs still fail to provide any provision of the contract evidencing a supposed violation of the May 12 Order (or the subject provision of the order for that matter). Instead, Plaintiffs rely only on their own disbelief—and apparent misunderstanding of contract costs—to take aim at the maintenance and design tasks. As the Declaration of Sarah West explains, Dkt. No. 56-1, the performance work statement provides that "*[o]n a site-by-site basis*, the Government may grant approval for the contractor to begin interior construction or reconfiguration of administrative and office space while environmental review is ongoing," (emphasis added). But Plaintiffs cannot cite to any approval to begin interior construction—a fact that Plaintiffs glaringly ignore. Plaintiffs also mince words by arguing, incorrectly, that ICE has predetermined the results of the additional National Environmental Policy Act (NEPA) analysis that the May 12 Order contemplates. *See* Dkt. No. 60 at 2. The performance work statement merely ensures that no "[e]xterior, interior and infrastructure renovations for housing aliens" will not proceed until the NEPA analysis is complete. Dkt. No. 56-3 at 15.

Finally, Plaintiffs insist that five business days suffices to respond to their forthcoming motion. But undersigned counsel will be traveling on November 24 to Buffalo to visit family for the Thanksgiving holiday the very day after Plaintiffs intend to file their motion to enforce and will not be returning to the office until December 1, the day before Plaintiffs' proposed deadline for Defendants to respond to their motion. Thus, Defendants will not in fact have five working days in the office to respond to Plaintiffs' motion and will be unduly prejudiced by the expedited briefing schedule.

In light of Plaintiffs' continued failure to identify any contract provision evidencing a commitment to detention center renovations, Plaintiffs' forthcoming motion to enforce is not only unnecessary but also lacks the urgency Plaintiffs claim. Defendants respectfully request that the Court reconsider its Letter Order, Dkt. No. 59, and deny Plaintiffs' request to expedite the briefing schedule for Plaintiffs' motion to enforce, Dkt. No. 57.

Thank you for your time and consideration of this matter.

Respectfully submitted,

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
Energy & Natural Resources Division
U.S. Department of Justice

*/s/ Krystal-Rose Perez*
KRYSTAL-ROSE PEREZ
Senior Trial Attorney
Natural Resources Section

Cc: All counsel (via ECF)